UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA TROMBETTI and TODD TROMBETTI,

    Plaintiffs,

v.                          Case No.: 2:24-cv-198-SPC-KCD

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Stay Litigation and Compel Appraisal. (Doc. 13.)[1] No opposition has been filed, and the time to do so passed. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c). For the reasons below, the motion is granted.

## I. Background

This is an insurance dispute stemming from Hurricane Ian. (Doc. 1-2 ¶ 2, 5, Doc. 13 at 2.) The parties agree there is storm-related damage, but they disagree on the scope and cost of repair. (Doc. 13 at 2-3.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Last month, the Trombettis sued Scottsdale in state court. (Doc. 1-2.) They allege Scottsdale "materially breached" the parties' insurance agreement when it "failed to correctly (a) determine the cause of the Loss, (b) determine whether the Policy excluded or excepted coverage, and/or (c) to indemnify Plaintiffs for the Loss." (Doc. 1-2 at 3.) Soon after, Scottsdale removed the case to federal court. (Doc. 1, Doc. 13.)

That brings us to the current motion. Scottsdale asserts the parties' insurance agreement has a "valid and enforceable" appraisal provision. (Doc. 13 at 3.) That clause, as restated in Scottsdale's motion, provides:

> **F. Appraisal**
>
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> 1. Pay its own appraiser; and
>
> 2. Bear the other expenses of the appraisal and umpire equally.

(*Id.*) Accordingly, Scottsdale requests an order "staying this litigation and compelling Plaintiffs to participate in appraisal pursuant to the terms of the Policy." (*Id.* at 13.)

## II. Discussion

Appraisal is a form of alternative dispute resolution that sets a disputed loss amount. *See State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 151 (Fla. Dist. Ct. App. 2020). When an insurance policy has an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019) (quoting *United Cmty. Ins. Co. v. Lewis*, 642 So. 2d 59, 60 (Fla. Dist. Ct. App. 1994)). Appraisal is strongly preferred. *See Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM, 2021 WL 1214888, at *2 (M.D. Fla. Mar. 31, 2021). And like other stipulations about dispute resolution, the Court enforces contractual appraisal provisions by non-dispositive order. *See Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *2 (M.D. Fla. Mar. 10, 2022) ("[B]ecause appraisal will not dispose of any claims or defenses, the Court does not treat the motion to compel appraisal as one for summary judgment.").

The parties agree Hurricane Ian damaged the Trombettis' home, but they dispute whether the cost to repair exceeds the policy deductible. (Doc. 13 at 2-3.) "Thus, because there is no dispute that at least some of the damage to the property is covered under the policy, the remaining dispute about the scope of the damage is appropriate for appraisal." *Cronin v. Clear Blue Specialty Ins. Co.*, No. 2:24-CV-31-JLB-KCD, 2024 WL 991829, at *2 (M.D. Fla. Feb. 21, 2024). At bottom, there is an "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have themselves contracted." *McGowan*, 411 F. Supp. 3d at 1296. Given this preference, and no facts showing waiver, the Court will grant the motion to compel appraisal.

Next, Scottsdale asks that the appraisal report be "a line-item award delineating the covered and non-covered portions of the loss" and that it address "the total RCV of the dwelling excluding land; the RCV damage; and the ACV damage." (Doc. 13 at 4.) With no opposition on this point, the award shall be partitioned as Scottsdale requests.

Finally, Scottsdale asks the Court to stay discovery during appraisal. (Doc. 13 at 8-9.) "A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Dover Place Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:22-CV-450-JLB-KCD, 2022 WL 18358924, at *2 (M.D. Fla. Dec. 27, 2022). The Court routinely stays discovery when

granting motions to compel appraisal. *Id.*; *Cronin*, 2024 WL 991829, at *3. And staying discover is particularly appropriate in this case because "appraisal will resolve the amount-of-loss question and potentially resolve the parties' dispute." *Calusa Bay N. Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-540-JLB-NPM, 2023 WL 3552033, at *5 (M.D. Fla. May 18, 2023). Thus, the case will be stayed. All deadlines and events in the Hurricane Ian Scheduling Order (Doc. 6) are suspended.

According, it is hereby **ORDERED**:

1. Defendant Scottsdale's Motion to Stay Litigation and Compel Appraisal (Doc. 13) is **GRANTED**.

2. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file and **ADMISTRATIVELY CLOSE THE CASE**.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal by June 25, 2024, and every ninety days after that until appraisal has ended.

4. Within 15 days of a signed appraisal award, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should move forward.

**ORDERED** in Fort Myers, Florida on March 26, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record